**IN THE SOUTHERN DISTRICT**
**IN AND FOR SOUTHERN DISTRICT COUNTY, STATE OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**THE TICKTIN LAW GROUP, PLLC,**

   **PLAINTIFF,**

**V.**

**CASE NO.: 0:18-CV-60017-BB**

**WINDSTREAM COMMUNICATIONS,**
**LLC,**

   **DEFENDANT.**

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, WINDSTREAM COMMUNICATIONS, LLC., an Arkansas limited liability company (hereinafter referred to as "WINDSTREAM"), by and through its undersigned attorneys, hereby provides this Answer and Affirmative Defenses to the Complaint filed by Plaintiff, THE TICKTIN LAW GROUP, PLLC, a Florida professional limited liability company, (hereinafter referred to as "TTLG"), stating as follows:

### Jurisdictional and Venue Allegations

1. Admitted.

2. Admitted.

3. Denied on the basis that the amount in controversy does not exceed $75,000.00, exclusive of interest and costs as damages are subject to a Limitation of Liability within the contract attached as Exhibit "A" to the Complaint.

4. Denied.

5. Denied.

324380

**Factual Allegations**

6. Denied.

7. Without knowledge and therefore denied.

8. Denied that WINDSTREAM entered into a contract with TTLG in October, 2008 that was renewed by successive three year contracts. A copy of that contract was not attached to the Complaint as an exhibit by TTLG. Admitted that a contract existed between WINDSTREAM and TTLG, with an effective date of April 15, 2015, a copy of which is attached to the Complaint as Exhibit "A".

9. Without knowledge and therefore denied as to the seriousness of the problems experienced by TTLG toward the end of 2014, the amount of dropped calls, or the inability of the phone service to maintain connections for incoming voice calls. Denied that TTLG began experiencing serious problems with its telephone system towards the end of 2014 caused by WINDSTREAM.

10. Without knowledge and therefore denied as to the specific description of call disconnection; denied that call disconnection as described was the result of a failure by WINDSTREAM to provide services pursuant to the contract with TTLG.

11. Without knowledge and therefore denied.

12. Without knowledge and therefore denied as to whether TTLG requested Teleco to examine and fix the system with the disconnection problem occurred. Admitted that in February, 2015 Teleco contacted WINDSTREAM. Admitted that at that time, WINDSTREAM was notified of purported problems experienced by customers and callers to TTLG. Admitted that TTLG requested service but not under the Contract

324380

attached as Exhibit "A" to the Complaint as that Contract had an effective date of April 15, 2015.

13. Admitted that in February 2015, WINDSTREAM examined their systems and determined that the reported problem was not the result of a failure to provide services under the contract which is attached as Exhibit "A".  Admitted that to the extent the problems arose from TTLG's equipment or the way it was programmed, the reported disconnection problem could not be resolved by WINDSTREAM.

14. Without knowledge and therefore denied.

15. Without knowledge and therefore denied as to the cost to TTLG to replace the phone equipment.  Denied that TTLG had no other choice but to replace the phone equipment.  Denied that WINDSTREAM was refusing to fix the problem to the extent the problem was caused by WINDSTREAM.

16. Admitted that on May 28, 2015, Teleco had a vendor meeting scheduled with WINDSTREAM; denied that this meeting was canceled by WINDSTREAM.

17. Admitted that on June 6, 2015, Teleco requested a Class A Inspection with WINDSTREAM; denied that WINDSTREAM cancelled the meeting.

18. Denied.

19. Denied.

20. Without knowledge and therefore denied as to complaints of TTLG clients and opposing counsel; denied as to the inability to get through to TTLG lawyers through the phone system.

21. Denied.

22. Denied.

324380

23. Without knowledge and therefore denied. Admitted that copies of Invoices for a period from February 25, 2015 through October 15, 2015 are attached as Composite Exhibit "B" to the Complaint.

24. Denied.

25. Denied.

26. Without knowledge and therefore denied.

27. Admitted that during the period from April 15, 2015 through December 31, 2015, WINDSTREAM provided services pursuant to the contract attached as Exhibit "A"; otherwise, denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Without knowledge and therefore denied.

### Count I – Breach of Contract

34. WINDSTREAM realleges and reavers the responses to Paragraphs 1 through 33 above and incorporates them in this Count by reference as if set forth more fully herein.

35. Admitted that TTLG and WINDSTREAM entered into a contract a copy of which is attached as Exhibit "A" to the Complaint, the terms of which contract speaks for itself. Admitted to the extent the allegations are consistent with the terms of the contract; otherwise denied.

324380

36. Admitted that WINDSTREAM invoiced TTLG for its services.  Admitted that copies of invoices are attached as Exhibit "C" to the Complaint.  Denied that in the Invoices attached as Exhibit "C" to the Complaint is an express incorporation of the "Agreement's Terms".  Denied that the "Terms" express that WINDSTREAM was under an obligation to provide usable services unless circumstances rendering the services unusable were outside of its control.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## Count II – Negligence

41. WINDSTREAM realleges and reavers the responses to paragraphs 1 through 33 above and incorporates them in this Count by reference as if set forth more fully herein.

42. Admitted that WINDSTREAM had a duty under the contract with TTLG as set forth by that contract attached as Exhibit "A" to the Complaint; otherwise, denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

324380

## AFFIRMATIVE DEFENSES

49. As the first affirmative defense, WINDSTREAM asserts that the contract with TTLG was subject to a Limitation of Liability for all times material to the damages alleged in the Complaint.  During the period from April 15, 2015, the effective date of the contract attached as Exhibit "A" to the Complaint through October 15, 2015, the latest date alleged in the Complaint regarding purported problems.  Any damages sought by TTLG are subject to this express Limitation of Liability and TTLG cannot recover damages for any alleged breach of contract beyond those provided by the Limitation of Liability.

50. As the second affirmative defense, without admitting that TTLG would be entitled to recover as damages all amounts WINDSTREAM invoiced TTLG as reflected by the invoices attached as Exhibit "C" to the Complaint, WINDSTREAM asserts that subject to the Limitation of Liability of the contract attached as Exhibit "A" to the Complaint, the total damages asserted by TTLG could not exceed the total of all such WINDSTREAM invoices, which amount is $22,863.78.

51. As the third affirmative defense, WINDSTREAM asserts that any problems with the phone system, or damages allegedly sustained by TTLG, that were not the result of services provided by WINDSTREAM pursuant to the contract in effect between TTLG and WINDSTREAM cannot be recovered from WINDSTREAM.

52. As the fourth affirmative defense, WINDSTREAM asserts that TTLG cannot recover any damages that result from the failure of TTLG to provide an environment that was suitable for the WINDSTREAM services, including equipment that was compatible with WINDSTREAM's network.

324380

53. As the fifth affirmative defense, WINDSTREAM asserts that TTLG failed to mitigate the damages allegedly incurred and cannot recover damages that represent avoidable consequences.

54. As the sixth affirmative defense, WINDSTREAM asserts that TTLG cannot recover damages for purported negligence in providing phone services arising out of a contractual relationship with WINDSTREAM to provide phone services  when no independent tort has been asserted.

55. As the seventh affirmative defense, WINDSTREAM asserts that TTLG cannot recover damages for purported negligence arising from a common-law duty to provide adequate telephone services, as no such common-law duty exists.

56. As the eighth affirmative defense, without admitting that a cause of action for negligence is proper, WINDSTREAM asserts that the alleged failure to provide adequate telephone services to TTLG, properly assess the issues TTLG was experiencing with its phone system, refusing to fix the problem or claiming that the problem was not on their end was the result of the negligence of TTLG, or persons or entities retained by TTLG other than WINDSTREAM, which negligence caused or contributed to the alleged problems.  Accordingly, TTLG's recovery of any damages against WINDSTREAM should be precluded or limited by the negligence of TTLG or others retained by TTLG.

324380

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by using

the CM/ECF system on February 12, 2018 which will send notification of such filing (NEF) to

all counsel or parties of record on the Service List Below.

*/s/ William A. Kebler*
William A. Kebler, Esquire
FBN: 0716911

## SERVICE LIST

Amanda Leigh Mollica
The Ticktin Law Group
270 SW Natura Ave
Deerfield Beach, FL 33441-1610
954-570-6757
Fax: 954-570-6760
Email: amollica@legalbrains.com
LEAD ATTORNEY FOR PLAINTIFF

Jamie Alan Sasson
Ticktin Law Group PA
270 SW Natura Avenue
Deerfield Beach, FL 33441-1610
954-570-6757
Fax: 954-570-6760
Email: Serv513@LegalBrains.com
LEAD ATTORNEY FOR PLAINTIFF

Peter David Ticktin
Ticktin Law Group PA
270 SW Natura Avenue
Deerfield Beach, FL 33441-1610
954-570-6757
Fax: 954-570-6760
Email: pt@legalbrains.com
LEAD ATTORNEY FOR PLAINTIFF

By:   /s/ William A. Kebler
William A. Kebler, Esquire
FBN: 0716911
Banker Lopez Gassler P.A.
360 Central Avenue, Suite 700

324380

St. Petersburg, FL 33701
Service-wkebler@bankerlopez.com
Phone: (727) 825-3600
Fax: (727) 821-1968
Attorney for the Defendant

324380